Matthew J. Eandi (SBN 279734)
meandi@eandilawgroup.com
**EANDI LAW GROUP APC**
633 West Fifth Street, 26th Floor
Los Angeles, California 90071
Telephone  (310) 860-6951
Facsimile  (866) 608-6487

Attorneys for Plaintiff
MyBusinessLoan.com, LLC

# IN THE DISTRICT COURT IN AND FOR

# THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PRINTUP, DDS, PC, a Connecticut corporation, and JOHN PRINTUP, JR., an individual,<br><br>Defendants. | Case No.: **'16CV2686 JAH MDD**<br><br>(UNLIMITED CIVIL ACTION)<br><br>**COMPLAINT FOR:**<br>**(1)  BREACH OF CONTRACT (LOAN DOCUMENTS)**<br>**(2)  BREACH OF CONTRACT (GUARANTY)** |

Plaintiff MYBUSINESSLOAN.COM, LLC, a California limited liability company (hereinafter referred to as "Lender" or "Plaintiff") hereby submits this Complaint against Defendant JOHN PRINTUP, DDS, PC (hereinafter referred to as "Borrower") and JOHN PRINTUP, JR., an individual (hereinafter referred to as "Guarantor") (Borrower and Guarantor are collectively hereinafter referred to as the "Defendants"), and allege herein as follows:

/ / /

/ / /

# NATURE OF THE ACTION

1. This is a civil action for breach of contract against the Borrower and Guarantor of a written credit line agreement.

# PARTIES

2. Plaintiff MyBusinessLoan.com, LLC ("Lender") is a limited liability company organized and existing under the laws of the state of California.

3. Lender's only principal place of business is located at 1901 Camino Vida Roble, Suite 120, Carlsbad, California 92008.

4. Lender has one member, Dealstruck Holdings, Inc. ("Dealstruck Holdings").

5. Dealstruck Holdings is a corporation organized and existing only under the laws of the state of Delaware.

6. Dealstruck Holdings' only principal place of business is located at 1901 Camino Vida Roble, Suites 120, Carlsbad, California 92008.

7. Upon information and belief, Defendant John Printup, DDS, PC ("Borrower") is a corporation organized and existing only under the laws of the state of Connecticut and its only principal place of business is located at 2800 Main Street, Glastonbury, Connecticut 06033.

8. Upon information and belief, Defendant John Printup, Jr. ("Guarantor") resides at 43 Riverview Road, Glastonbury, Connecticut 06033. Guarantor is domiciled in the state of Connecticut and is therefore a citizen only of the state of Connecticut.

9. Upon information and belief, Guarantor is Borrower's registered agent and Borrower's registered office address is located at 2800 Main Street, Glastonbury, Connecticut 06033.

10. Neither of the Defendants are citizens of either the state of California or Delaware. And, Plaintiff is only a citizen, within the meaning of 28 U.S.C. §

1332, of California and its sole member is only a citizen, within the meaning of 28 U.S.C. § 1332, of Delaware. Accordingly, complete diversity jurisdiction exists between the Plaintiff, and its sole member, and each of the Defendants to this action.

## JURISDICTION AND VENUE

11. Pursuant to 28 U.S. Code § 1332, this Court has original jurisdiction over the subject matter of this action because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

12. The parties' contracts, identified herein and attached hereto, specifically provide that venue is proper in this Court and that Borrower and Guarantor have consented to the jurisdiction, including personal jurisdiction, of this Court.

## GENERAL ALLEGATIONS

13. On or about April 4, 2016, Lender and Borrower entered into loan documents for a term loan including: (1) that certain Loan and Security Agreement attached as **Exhibit A** ("Loan and Security Agreement"); (2) that certain Note attached as **Exhibit B** ("Note"); (3) that certain Certified Copy of Resolutions attached as **Exhibit C** ("Resolutions"); and (4) that certain Final Loan Request attached as **Exhibit D** ("Final Loan Request"). Collectively, the Loan and Security Agreement, Note, Resolutions, and Final Loan Request shall be referred to herein as the "Loan Documents."

14. Through the Loan Documents, Borrower borrowed from Lender the principal sum of $90,000.00. The full amount of this loan (the "Loan") and Borrower's indebtedness is evidenced by the Note.

15. The Final Loan Request sets forth the terms of the Loan. Specifically, the Loan was for a term of "36 Months" with an interest rate of 20% per annum.

Borrower was obligated to make 36 monthly payments in the amount of $3,344.72. The Loan also had an origination fee of $3,600.00.

16. Section 8 of the Loan and Security Agreement specifically provides that if "Borrower shall fail to pay when due any amount of principal, interest or other amount payable hereunder" such failure "shall constitute an 'Event of Default.'"

17. Section 9 of the Loan and Security Agreement provides that upon the occurrence of an Event of Default, Lender may immediately accelerate and collect on the entire outstanding balance of the Loan:

> Lender may without notice or demand declare the entire unpaid principal amount of the Loans, all interest accrued and unpaid thereon and all other amounts payable hereunder to be forthwith due and payable (*provided that*, upon the occurrence of any Event of Default under **Section 8(e)** or **(f)**, such acceleration shall be automatic), whereupon all unpaid principal of the Loans, all such accrued interest and all such other amounts shall become and be forthwith due and payable, without presentment, demand, protest, notice of protest and non-payment, notice of default, notice of acceleration or intention to accelerate, or further notice of any kind, all of which are hereby expressly waived by Borrower, and exercise any or all of Lender's rights and remedies under the Loan Documents, the UCC and other applicable law.

18. Borrower has ceased making payments on the Loan, which constitutes an Event of Default under the Loan Documents, and is therefore in default of the Loan Documents.

19. The total outstanding balance on the Loan owed to Lender is $84,993.79.

20. Sections 11 and 12 of the Loan and Security Agreement require Borrower to indemnify and reimburse Lender for any and all attorneys' fees and

4
**COMPLAINT**

other expenses incurred in the enforcement of the Loan and Loan Documents upon an Event of Default.

21.     Further, Section 2(f) of the Loan and Security Agreement states that "upon the occurrence and during the continuance of an Event of Default" the interest rate of the loan "shall accrue at a rate equal to the Interest Rate plus 6.0% provided that such default rate of interest, when combined with all fees that may be characterized as interest, will not exceed the Maximum Rate [defined in the Loan and Security Agreement as the maximum legal interest rate]." As an Event of Default has occurred and Borrower is thus in default, this higher default interest rate should be added to Borrower's outstanding indebtedness to Lender under the Loan Documents.

22.     On or about April 4, 2016, Guarantor executed a Guaranty (the "Guaranty") "[i]n order to induce Lender to extend credit to Borrower…." through which Guarantor "unconditionally and irrevocably guarantee[d] to Lender the full and prompt payment when due […] and performance of all indebtedness, liabilities and other obligations of Borrower to Lender under or in connection with the Loan and Security Agreement."  A copy of the Guaranty is attached as **Exhibit E**.

23.     Pursuant to Section 13 of the Guaranty, "Guarantor agree[d] to pay on demand all reasonable costs and expenses of Lender and reasonable fees and disbursements of counsel in connection with the enforcement, or preservation of any rights under, this Guaranty."

24.     Through the parties' agreements, Borrower and Guarantor expressly consented to the jurisdiction, including personal jurisdiction, of the courts of the state of California having situs within the County of San Diego for actions or proceedings arising out of or relating to the Loan Documents and the Guaranty.

25. Lender has performed each and every one of its obligations under the Loan Documents and Guaranty, and has attempted to collect the monies it is owed from Borrower and Guarantor, who remain in default.

26. Guarantor, through section 18 of the Guaranty, and Borrower, through section 13(k) of the Loan and Security Agreement, expressly waived their rights to a trial by jury.

27. All conditions precedent to bringing this action have occurred or been waived.

28. Lender has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

## CLAIMS FOR RELIEF

## COUNT I

## BREACH OF CONTRACT (LOAN DOCUMENTS)

(Against Borrower)

29. The allegations contained in paragraphs 1-28 above are hereby re-alleged and incorporated as if fully set forth herein.

30. Borrower and Lender entered into the Loan Documents pursuant to which Borrower was obligated to repay the Loan pursuant to the terms set forth in the Loan Documents.

31. Borrower has ceased making the required payments on the Loan, which constitutes an Event of Default under the Loan Documents, and is therefore in default of its obligations under the Loan Documents.

32. Having defaulted on the Loan, all amounts owed by Borrower to Lender are now immediately due and owing to Lender.

33. As a direct and proximate result of Borrower's breach of the Loan Documents, Lender has been damaged in an amount not currently known and according to proof, but at least $84,993.79, together with interest at the agreed

upon default rate.

**WHEREFORE**, MYBUSINESSLOAN.COM, LLC respectfully requests the Court:

    A.    Enter judgment in favor of Lender and against Borrower for damages including general, special, consequential and compensatory damages in an amount of at least $84,993.79;

    B.    Award Lender interest, including pre-judgment interest, at the maximum legal rate;

    C.    Award Lender the amount of its reasonable attorneys' fees and costs and for costs of suit; and

    D.    Award Lender such other and further relief as the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT (GUARANTY)

(Against Guarantor)

34. The allegations contained in paragraphs 1-33 above are hereby re-alleged and incorporated as if fully set forth herein.

35. The Guaranty requires Guarantor to make all payments under the Loan Documents if Borrower fails to perform its obligations or defaults under the Loan Documents.

36. Borrower has defaulted under the Loan Documents thereby causing Lender damage for which Guarantor is jointly and severally liable to Lender.

37. Borrower's indebtedness to Lender has not been satisfied by Guarantor and, as a result, Guarantor is in breach of the Guaranty.

38. As a direct and proximate result of Guarantor's breaches of the Guaranty, Lender has been damaged in an amount not currently known and according to proof, but at least $84,993.79, together with interest at the agreed

upon default rate.

**WHEREFORE**, MYBUSINESSLOAN.COM, LLC respectfully requests the Court:

    A.    Enter judgment in favor of Lender and against Guarantor for damages including general, special, consequential and compensatory damages in an amount of at least $84,993.79;

    B.    Award Lender interest, including pre-judgment interest, at the maximum legal rate;

    C.    Award Lender the amount of its reasonable attorneys' fees and costs and for costs of suit; and

    D.    Award Lender such other and further relief as the Court deems just and proper.

Dated: October 31, 2016

Respectfully submitted,

s/ *Matthew J. Eandi*
Attorney for Plaintiff
E-Mail: meandi@eandilawgroup.com

**COMPLAINT**